IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Construction Resource Group, Inc., | ) | |
| | ) | C/A No. 7:13-1695-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| General Technologies, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on a motion to dismiss filed by Defendant General Technologies, Inc. ("General Technologies"). (ECF No. 8). Plaintiff Construction Resources Group, Inc., ("Construction Resources") has filed a response opposing the motion (ECF No.16) and General Technologies filed a reply (ECF No. 19). A hearing was held on the matter on November 18, 2013, and the court took the matter under advisement. For the reasons below, the court denies the motion.

**I. Background/Procedural History**

This action revolves around Construction Resources' purchase of concrete post-tensioning products from General Technologies for a tank project at Parris Island, South Carolina. On November 9, 2009, Paul Stoltzfus received an emailed quote for the products from General Technologies' Vice-President of Marketing, Joe Harrison.[1] The quote set forth the following conditions: "Price is valid until December 31, 2009" and "see attached Terms and Conditions." Stoltzfus, in his affidavit, states that the referenced "Terms and Conditions" were not attached to the email and were not provided to him later. At the hearing, General

---

[1] At that time, Stoltzfus was the President of Contech Industries, Inc. ("Contech Industries"). On November 19, 2009, Construction Resources brought certain assets of Contech Industries. (ECF No. 16-1 at 1- Tim Bailey Aff.).

Technologies conceded that the "Terms and Conditions" were not attached to this correspondence.

On April 13, 2010, the parties participated in a teleconference in regard to purchasing the products, and the following day, Construction Resources submitted a purchase requisition form to General Technologies. The purchase requisition form set forth the terms agreed upon in the April 13, 2010 teleconference between the parties. On April 14, 2010, Construction Resources sent General Technologies a check for $13,594.60, as payment for half of the purchase price of the materials as agreed upon between the parties. According to the shipping order, General Technologies shipped the materials on April 15, 2010, after receiving this payment.

On April 15, 2010, General Technologies also sent an invoice in a separate mailing. On the back of the invoice was a list of "Terms and Conditions of the Sale" including paragraph 6 which provides, in part:

> 6. CHOICE OF LAW/CHOICE OF FORUM/ARBITRATION: The terms, conditions and provisions of the agreement between [General Technologies] and Purchaser and any dispute arising between [General Technologies] and Purchaser arising in contract, in tort, at law, in equity, by statute or otherwise shall be governed by the laws of the State of Texas (regardless of the application of any choice of law principles). Any such dispute(s) shall only be brought and prosecuted in Houston, Harris County, Texas.

(ECF No. 16-7 at 2). Construction Resources placed a total of nineteen orders with General Technologies, and each of the nineteen orders generated invoices containing the same language. On June 20, 2013, Construction Resources filed this action in this court alleging the products were defective. Based upon this forum selection clause, General Technologies filed this motion to dismiss, or alternatively that the action be transferred to the Southern District of Texas

### II. Standard of Review

A motion to dismiss for improper venue is brought pursuant to Fed.R.Civ.P. 12(b)(3).

"Unlike a Rule 12(b)(6) motion, evidence outside the pleadings may be 'freely consider[ed]' in ruling on a Rule 12(b)(3) motion." *Am. Ins. Mktg. Corp. v. 5 Star Life Ins. Co.*, C/A No. DKC 13–0560, 2013 WL 3895039, at *2 (D.Md. July 26, 2013) (*quoting Sucampo Pharms., Inc. v. Astellas Pharma, Inc.,* 471 F.3d 544, 550 (4th Cir. 2006)). "A plaintiff is obliged, however, to make only a prima facie showing of proper venue in order to survive a motion to dismiss." *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012) (citation omitted). In assessing whether the plaintiff has made this showing, courts must "view the facts in the light most favorable to the plaintiff." *Id*. (citation omitted). "A motion to dismiss based on a contractual forum selection clause is properly analyzed as a motion to dismiss for improper venue . . . ." *Am. Ins.*, 2013 WL 3895039, at *2 (*citing Sucampo*, 471 F.3d at 550).

### III. Discussion

The issue before the court is whether the "Terms and Conditions" on the back of the invoices sent by General Technologies, including the forum selection clause, constitute a term of the contracts. Construction Resources contends that the forum selection clause was not part of the contracts and the parties never agreed to the forum selection clause located on the back of the invoices. Moreover, Construction Resources argues that even if the court deems the forum selection clause to be part of the contracts, the clause is invalid and should not be enforced as it is unreasonable.

General Technologies contends that the forum selection clause was a written confirmation of the contracts between the parties and became part of the contract. General Technologies cites to S.C. Code Ann. § 36-2-207. Section 36-2-207 provides:

> (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

3

(2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:

(a) the offer expressly limits acceptance to the terms of the offer;

(b) they materially alter it; or

(c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

(3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this act.

S.C. Code Ann. § 36-2-207.[2]

First, the court must decide if the forum selection clause was part of the contract. When entering into the purchase agreement, Construction Resources contends it was never informed of the additional terms and conditions set forth on the back of the invoice which contained the forum selection clause and further notes that nothing on the face of the invoices placed Construction Resources on notice that additional terms and conditions were located on the back of the invoices. Additionally, Construction Resources argues that no one from Construction Resources was ever required to sign the invoice and return it to General Technologies.

As set forth above, S.C. Code § 36-2-207 provides that additional terms set forth in an

---

[2]The parties agree that in a diversity case, this court must apply the substantive law of South Carolina to the issue of whether the forum selection clause was part of the contract. However, federal law governs the enforceability of forum selection clauses in federal courts. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988). *See also TRS Indus., Inc., v. Valspar, Corp.*, 2010 WL 2854251, * 3 (E.D. Wash. 2010)(holding federal law governs the interpretation and enforcement of forum selection clauses, but state law governs the formation of the contract).

acceptance are to be construed as proposals for addition to the contract and between merchants become part of the contract unless they materially alter it. While the court has not found any South Carolina case, several courts from other jurisdictions have held a forum selection clause constitutes a material alteration to a contract. *See Triad Intern. Maintenance Corp. v. Aim Aviation, Inc.,* 473 F.Supp.2d 666 , 670 n.2 (M.D. N.C. 2006). *See also TRA Indus. v. Valspar Corp.*, 2010 WL 2854251, * 5 (E.D. Wash. 2010); *Gen. Instrument Corp. v. Tie Mfg., Inc.*, 517 F.Supp. 1231, 1234 (S.D.N.Y. 1981); *Metropolitan Alloys Corp. v. State Metals Indus., Inc.*, 416 F.Supp.2d 561, 567 (E.D. Mich. 2006).[3] These courts note that a forum selection clause limiting venue to a different state than the domicile of the plaintiff is material because venue in a different state involves travel and expense, and the application of different laws and procedure.

Consistent with South Carolina policy of construing the UCC uniformly among the various jurisdictions,[4] and consistent with the holdings in the above cases, the court is persuaded that, if faced with the issue, the South Carolina courts would rule, under the facts of this case, that a unilateral addition of a forum selection clause to a contract governed by the UCC is a

---

[3]*See also* 2 Williston on Contracts, § 6:22, at 6 (4th ed. 2005)("clauses which have been deemed to materially alter a contract include a choice of forum clause. . . .").

[4]S.C. Code § 36-1-102 provides that:

This act shall be liberally construed and applied to promote its underlying purposes and policies.

(2) Underlying purposes and policies of this act are

(a) to simplify, clarify and modernize the law governing commercial transactions;

(b) to permit the continued expansion of commercial practices through custom, usage and agreement of the parties;

(c) to make uniform the law among the various jurisdictions.

S.C. Code Ann. § 36-1-102. *See also* Editor's Note to S.C. Code Ann. § 36-1-102 (explaining that "This act" refers to Title 36).

material alteration of the contract that does not become a part of the contract. Accordingly, the court finds here that the forum selection clause is not part of the parties' contracts, and the motion to dismiss which is based upon on the forum selection clause is denied.

As an alternative to dismissing this action, General Technologies requests that the court transfer venue to the Southern District of Texas because the forum selection clause establishes Texas as the proper venue. General Technologies cites 28 U.S.C. §1406 and its alternative request relies solely upon the forum selection clause being part of the contracts between the parties. Because the court finds the forum selection clause is not part of the contracts, the court also denies General Technologies alternative relief.

## Conclusion

Accordingly, based on the foregoing, the Defendant General Technologies' Motion to Dismiss (ECF No. 8) is **DENIED**.

**IT IS SO ORDERED.**

                                              s/Timothy M. Cain
                                              United States District Judge

Anderson, South Carolina
December 4, 2013